SEL/PJC/dah          1/5/2021          19-076

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL COOPER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) ) |

### COMPLAINT PURSUANT TO 40.3b(2) REFILING OF 20-CV-02694

Plaintiff, MICHAEL COOPER, by and through his attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of the Defendant, UNITED STATES OF AMERICA, designated under 40.3(b)2 as a refiling of Michael Cooper v. United States of America – 20-cv-02694 previously dismissed without prejudice upon information and belief states as follows:

### INTRODUCTION

1. Michael Cooper seeks redress from the United States of America, for its negligence as to a traffic speed hump at the James A. Lovell Federal Health Care Center, located at 3001 Green Bay Road, North Chicago, Illinois (the "Lovell Center"), which caused damage to him on July 15, 2019 when he fell off his bicycle after crossing the speed hump, broke his left elbow, and sustained other physical injuries.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §1346(b)(1) and the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 42 U.S.C. §233.

1

3. On July 19, 2019, pursuant to 28 U.S.C. §2675, Mr. Cooper submitted a claim, on Standard Form 95, to the Lovell Center regarding the injury complained of herein. It was marked as "received" the same day. (Exhibit A.)

4. On September 27, 2019, the U.S. Department of Veterans Affairs ("the VA") sent a letter (by certified mail) to Mr. Cooper denying the claim that was made to the VA. (Exhibit B.)

5. Mr. Cooper also submitted a SF-95 claim form to the U.S. Department of Health and Human Services ("HHS") on March 13, 2020 (Exhibit C), which constituted a timely request for reconsideration of his original claim, to which no response from HHS has been given.

6. Venue is proper under 28 U.S.C. §1391, as the actions complained of occurred in this District, and the parties (including agents of the United States working for the VA and the Lovell Center) are located here.

## FACTS

7. On July 15, 2019, and at all relevant times, the United States acted through its agencies — the VA and the Lovell Center — and through their employees, contractors and subcontractors.

8. On July 15, 2019, Mr. Cooper was riding a bicycle on the grounds of the Lovell Center, where he lived at the time. At or around 7:30 p.m. on that day, Mr. Cooper rode his bicycle over a speed hump on the grounds of the Lovell Center.

9. On July 15, 2019, the speed hump in question was not marked or painted, and had no signs warning of its presence, such that Mr. Cooper was not warned as to its existence, and was surprised by its presence when he rode over it.

10. After hitting the speed hump, Mr. Cooper fell off his bicycle and sustained injuries, including (a) a broken left elbow, (b) a severely swollen and bruised left ankle, (c) a bruised right thigh, and (d) heavy scrape wounds on his left thigh, knee and shin.

## COUNT ONE – NEGLIGENCE

11. Mr. Cooper incorporates Paragraphs 1-10.

12. The United States, acting through the VA and the Lovell Center, on or around July 15, 2019, was negligent in one or more of the following ways:

   (a) by failing to paint markings on the speed hump in order to alerting those on the road to its presence,

   (b) by failing to install warning signs near the speed hump that would alert those on the road of its presence, and

   (c) by failing generally to give sufficient warning of the presence of the speed hump to those using the roadway.

13. The United States, acting through the VA and the Lovell Center, owed a duty of reasonable care to Mr. Cooper.

14. The failure of the United States, through the VA and the Lovell Center, to paint markings on, install warning signs near, and give adequate warning of the presence of the speed hump was the proximate cause of Mr. Cooper's injuries.

15. Mr. Cooper has incurred a minimum of $50,000 in damages for necessary medical treatment on account of his injuries.

16. Mr. Cooper will require further follow-up medical treatment and incur further damages on account of his injuries, for which payment in future will be required.

17. Mr. Cooper suffered mentally and emotionally on account of his injuries.

WHEREFORE, Michael Cooper respectfully requests judgment in his favor, and against the United States, in an amount to be determined at trial, with the award of his costs and any further relief the Court finds proper.

Respectfully submitted,

_____
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
(312)201-8600
Service by Facsimile: (312)201-1180
Service by E-mail: thefirm@logganslaw.com

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_____
Attorney for Plaintiff

4