**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21 C 67** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Back in May 2000, Michael Cooper filed suit against the United States under the

Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346.  The government moved to dismiss

the case on the ground that Cooper had waited too long after the denial of his

administrative claim.  The Court construed a later administrative submission by Cooper

as a request for reconsideration of the claim denial and concluded that because the

agency had not addressed the request, Cooper's lawsuit was not filed too late but rather

was premature.  Cooper has now filed a new suit under the FTCA, and once again, the

government has moved to dismiss the case as time barred.  For the reasons stated

below, the Court grants the government's motion.

**Background**

On July 15, 2019, Cooper was injured while riding his bicycle after he hit a speed

hump on the grounds of the James A. Lovell Federal Health Care Center.  Four days

later, on July 19, 2019, Cooper filed a *pro se* administrative tort claim with the U.S.

Department of Veterans Affairs (VA), which operates the Lovell Center, seeking $30,100 for injuries to his person and property. He filed an amended administrative tort claim with the VA, again acting *pro se*, on September 3, 2019. (The amended claim did not surface until after this lawsuit was filed.)

On September 27, 2019, the VA sent Cooper a letter denying his claim. The letter contained a summary of Cooper's right to file suit in federal court, stating that "when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court." Dkt. no. 13-3 at ECF p. 1 of 1. The letter stated that "[t]he claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial." *Id.*

In October 2019, Cooper retained legal counsel. Counsel did not file a lawsuit. Instead he sent the VA a request under the Freedom of Information Act (FOIA) to obtain all the documents related to his claim. The VA did not respond to this request. On March 13, 2020, Cooper filed another administrative tort claim regarding the same July 2019 incident. On the claim form, in the space stating "Submit to Appropriate Federal Agency," Cooper's counsel listed the Lovell FHCC. Counsel sent the claim form, however, to the U.S. Department of Health and Human Services (HHS). HHS never responded to the claim.[1] About three weeks later, on April 20, 2020, Cooper's attorney followed up with the VA regarding the October 2019 FOIA request.

On May 4, 2020—about seven weeks after he submitted the claim to HHS and

---

[1] When HHS responded to Cooper's FOIA request regarding Cooper's tort claim on June 4, 2020, it stated that "it appears that the related claim is being handled by a Community Health Center, within the U.S. Department of Health and Human Services (HHS) . . . ." Pl.'s Ex. 8. Neither party has attempted to explain this statement.

more than seven months after the VA's denial letter was mailed—Cooper sued the United States, alleging negligence causing his July 2019 accident. *Cooper v. United States*, No. 20 C 2694 (*Cooper I*). The government moved to dismiss the complaint, arguing that the lawsuit was time-barred under 28 U.S.C. § 2401(b) because it was filed more than six months after the VA denied Cooper's claim. In response, Cooper argued that the original claim contained so little information that it was, in effect, a nullity that the VA should have rejected out of hand. He also pointed to the March 2020 claim submitted to HHS, noted that the agency had not acted on the claim, and said that he "filed the subject lawsuit prematurely." *Cooper I*, dkt. no. 18 at 1. He asked the Court to dismiss the lawsuit without prejudice as premature.

On December 29, 2020, the Court ruled on the government's motion to dismiss. The Court overruled Cooper's contention that his original clam was a nullity. It concluded, however, that Cooper's March 2020 claim submitted to HHS amounted to a request for reconsideration of the initial denial, pursuant to 28 C.F.R. § 14.9(b). As a request for reconsideration, the Court concluded, Cooper's HHS claim extended his time to file a federal action until six months after the final disposition of the claim or the expiration of the statutory period provided to the agency to respond. (The Court notes that Cooper had not made this argument, and thus the government had not addressed it.) The Court dismissed the case without prejudice as premature—the relief Cooper had sought, but on a different basis.

On January 5, 2021, Cooper filed the current lawsuit. On April 26, 2021, the government moved to dismiss the re-filed action as untimely. In its motion, the government argues that the Court's previous determination that the March 2020 HHS

claim was a request for reconsideration was erroneous and contrary to governing regulations.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must view the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Even so, the plaintiff must provide "some specific facts to support the legal claims asserted" and cannot rely on conclusory allegations to make his claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Before a plaintiff can sue the United States under the FTCA, he must first present a claim to the appropriate federal agency within two years after the date of injury. 28 U.S.C. § 2401(b). If the federal agency denies the claim, the plaintiff has six months from the date of the denial to file a lawsuit against the government. *Id.* There is no doubt that Cooper filed his administrative claim with the VA within two years after his bicycle accident, by way of his *pro se* September 2019 filings. The government argues, however, that Cooper's claim is barred for failure to meet the requirement to file a timely lawsuit.

Cooper presents two arguments in response. First, Cooper relies on this Court's decision in *Cooper I* that his claim submitted to HHS was a timely motion for reconsideration under 28 C.F.R. § 14.9(b) that extended his deadline to file a federal

4

action.  Second, Cooper repeats his earlier argument, made and rejected in *Cooper I*,

that his initial VA claim was a nullity and should have been rejected by the VA rather

than denied.

With respect to Cooper's second point, this Court already rejected this argument

in its decision in *Cooper I*.  Cooper offers no reason to revisit that decision.  Instead,

Cooper simply "reasserts" the same response he made to the government's original

motion.  Dkt. no. 13 at 9.  The Court sees no appropriate basis to alter its earlier

conclusion that "Cooper's July 19, 2019 claim was a proper administrative claim."

*Cooper I*, No. 20 C 2694, 2020 WL 7714211, at *4 (N.D. Ill. Dec. 29, 2020).

Now onto Cooper's first argument.  As indicated, Cooper relies on the Court's

ruling in *Cooper I* that the claim his attorneys presented to HHS in March 2020 was a

request for reconsideration of the denial of his original claim, which restarted the FTCA

clock.  The government contends that this Court erred in *Cooper I* in concluding that,

under 28 C.F.R. § 14.9(b), the claim presented to HHS in March 2020 was a request for

reconsideration.  The government contends that regulation only "applies where the

subsequent post-denial claim is submitted to the agency that denied the original claim."

Dkt. no. 10 at 7.  Where the plaintiff files a new claim with a different federal agency, the

government argues, the governing regulation is 28 C.F.R. § 14.2(b)(4), which states:

> If . . . the claimant *files a claim arising out of the same incident with a*
> *different Federal agency*, the new submission of the claim will not toll the
> requirement of 28 U.S.C. 2401(b) that suit must be filed within six months
> of the final denial by the first agency, *unless* the second agency
> specifically and explicitly treats the second submission as a request for
> reconsideration under 28 CFR 14.9(b) and so advises the claimant.

28 C.F.R. § 14.2(b)(4) (emphasis added).

Cooper argues that the government "baldly states that § 14.2(b)(4) applies here,"

but he has not tried to show what is wrong with the government's reading of the pertinent regulatory provisions.  Dkt. no. 13 at 10.  Specifically, Cooper has not engaged with the government's argument that the regulations, read together, indicate that section 14.9(b) applies when the second claim is filed with the agency that denied the first claim, but section 14.2(b)(4) applies when the second claim is filed with a different agency.  In addition, Cooper's criticisms of the government's delay in responding to his FOIA request and HHS claim as the cause of his delay in filing suit are irrelevant to the matter in dispute, which is a question of regulatory interpretation, not fairness.[2]

The Court concludes that the plain language of the cited regulations demonstrates that its ruling in *Cooper I* was wrong.  The Court, frankly, overlooked section 14.2(b)(4) in making that ruling.  Section 14.9 says what happens when a claimant files "a written request with the agency for reconsideration of a final denial of a claim" within the six-month period after the injury, 28 C.F.R. § 14.9(b), but it does not say what constitutes filing a request with the agency for reconsideration.

In its decision in *Cooper I*, the Court concluded that as a matter of form, the March 2020 claim submitted to HHS was sufficient to qualify as a request for reconsideration even if it did not use that terminology.  The Court stands by this decision; the government cites no basis to do otherwise.  In addition, in *Cooper I* the Court addressed the fact that the claim was not submitted to the correct agency (the VA, not HHS) by noting that under section 14.2(b)(1), when a claim is presented to the wrong agency, it is required to transfer it to the right one.  28 C.F.R. § 14.2(b)(1).  That,

---

[2] Cooper does not argue any basis for equitable tolling of the FTCA limitations period for filing suit.

too, remains correct.[3]

In *Cooper I*, however, the Court did not account for section 14.2(b)(4), which addresses the exact situation presented here:  it says that after a final agency denial of a claim (which the VA did in this case), the claimant files a claim from the same incident with a different agency (which Cooper, through counsel, did here), the new claim "will not toll" the six-month limitations period, "unless the second agency specifically and explicitly treats the second submission as a request for reconsideration under 28 CFR 14.9(b) and so advises the claimant." *Id.* § 14.2(b)(4).  HHS did not do that; as indicated, there is nothing to suggest that HHS responded at all to Cooper after he submitted the March 2020 claim.  Thus under the express terms of section 14.2(b)(4), the six-month limitations period under 28 U.S.C. § 2401(b) was not tolled by the submission of the March 2020 claim to HHS, contrary to the Court's ruling in *Cooper I*. For these reasons, the Court concludes that Cooper's suit is untimely.

The Court made an error in *Cooper I* when it kept Cooper's claim alive.  But the more significant error was the one made, it appears, by Cooper's counsel before filing suit.  Counsel got into the case just after the VA denied Cooper's claim but did not file a lawsuit within the six-month deadline.  And if counsel intended the March 2020 claim to be a request for reconsideration in the hope of tolling the limitations period, they fumbled that as well, for the reasons the Court has discussed.[4]  The upshot is that

---

[3] The Court notes in this regard that although Cooper's March 2020 claim was submitted to HHS, the form itself, in listing the agency, listed the Lovell HHC, which is part of the VA.  There is no evidence in the record regarding what HHS did with the claim, whether it transferred it to the VA, and if not, why not.

[4] At a recent hearing, the Court asked Cooper's counsel why the March 2020 claim was submitted to HHS, not the VA.  The current attorney could not provide an answer and

Cooper is left with nothing, very likely because of missteps by his legal counsel. The Court wants to make sure that Cooper is aware of this so that he can pursue any appropriate remedies. Cooper's counsel are directed to provide a copy of this opinion to Cooper within three days of its entry on the docket and are directed to certify by no later than September 20, 2021 that they have complied with this directive. Counsel would also be well-advised to notify their liability insurance carrier about the possibility of a claim.

### Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss [dkt. no. 9] and directs the Clerk to enter judgment dismissing plaintiff's complaint with prejudice.

MATTHEW F. KENNELLY
United States District Judge

Date: September 13, 2021

---

attributed this to the fact that the attorney who handled Cooper's case at that point was no longer with the firm—which was, frankly, not a terribly satisfactory answer.